Gale DWYER et al.

v.

Fritz BARTLETT et al.

Supreme Judicial Court of Maine.

Argued Jan. 12, 1984.

Decided March 6, 1984.

---

Malcolm Berman (orally), David Edgar, Houlton, for plaintiffs.

Jordan & Goodridge, Donald H. Goodridge (orally), Philip K. Jordan, Houlton, for defendants.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

The Plaintiffs, Gale Dwyer and Paul Dwyer, appeal from an order of the Superior Court (Aroostook County) on July 7, 1983, dismissing their complaint against the Defendants, the Town of Orient and two of its selectmen, Fritz Bartlett and Clayton McKissick, for their alleged failure to seasonably report to appropriate authorities a fire in that town which was then destroying certain of the Plaintiffs' real and personal property. Because the facts alleged do not give rise to any existing common law or statutory duty on the part of these Defendants to protect the Plaintiffs' property by reporting the fire, we conclude that the complaint was properly dismissed.

As private *individuals,* the Defendants Bartlett and McKissick could not be found liable for failing to report the fire because mere nonfeasance is not actionable at common law. *See* W. Prosser, *Handbook of Law of Torts* (4th ed. 1971) § 56 at 339. Furthermore, there is neither statutory nor common law authority for the proposition that, in their capacity as *selectmen,* the Defendants owed any duty to protect the private property of other Town residents by reporting a fire. *Compare* 30 M.R.S.A. §§ 3773 and 3774 (1978) (imposing certain obligations with respect to fire protection on municipal fire chiefs and firefighters).

In the absence of an official duty to act, the Plaintiffs have no cause of action against these Defendants as selectmen. Consequently, the Plaintiffs do not have a cognizable claim against the Town of Orient on a theory of *respondeat superior.*

Accordingly, the entry must be:

Appeal denied.

Judgment affirmed.

All concurring.